**Daniel P. MURPHY, Appellant,**

v.

**UNITED STATES of America,
et al., Appellees.**

No. 01–5409.

United States Court of Appeals,
District of Columbia Circuit.

May 21, 2003.

Before: EDWARDS, HENDERSON,
and RANDOLPH, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This cause was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and oral arguments of counsel. It is

ORDERED AND ADJUDGED that the judgments of the district court be affirmed. The Secret Service Operating Procedures Manual does not require the Secret Service to open a special investigation in response to an allegation of employee misconduct; instead, it provides when such an investigation would be appropriate. *Cf. Cope v. Scott,* 45 F.3d 445, 450 (D.C.Cir. 1995). Since the decision whether to open a special investigation "involves elements of judgment and choice," it falls within the discretionary function exception. *Sloan v. United States Dep't of Housing & Urban Dev.,* 236 F.3d 756, 762 (D.C.Cir.2001). Sovereign immunity therefore bars Murphy's negligence claims. *See* 28 U.S.C. § 2680(a).

As to Murphy's invasion of privacy claim, 28 U.S.C. § 2675(a) prohibits a plaintiff from bringing an action for damages against the United States unless he has first presented to the appropriate Federal agency "a written statement sufficiently describing the injury to enable the agency to begin its own investigation." *GAF Corp. v. United States,* 818 F.2d 901, 919 (D.C.Cir.1987). To establish liability for the tort of invasion of privacy under District of Columbia law a plaintiff must show: "1) publicity 2) about a false statement, representation or imputation 3) understood to be of and concerning the plaintiff, and 4) which places the plaintiff in a false light that would be offensive to a reasonable person." *Kitt v. Capital Concerts, Inc.,* 742 A.2d 856, 859 (D.C.1999). Murphy's allegation that "he was the victim of an assault as well as negligent investigation and negligent maintenance of records," Brief for Appellant at 28, did not alert the Secret Service that it should have investigated whether any false statements were published. *See Murrey v. United States,* 73 F.3d 1448, 1453 (7th Cir.1996).

With respect to Murphy's Privacy Act claim, Murphy did not dispute the government's submission of material fact that Special Agent Wolford had not seen the investigation documents before deciding to transfer Murphy. He therefore has failed to establish that the documents' alleged inaccuracies caused his transfer. *See Hubbard v. EPA,* 809 F.2d 1, 7 (D.C.Cir.1986). Furthermore, the documents reflect only subjective opinions, and not factual inaccuracies. *See Blazy v. Tenet,* 979 F.Supp. 10, 20 (D.D.C.1997), *aff'd,* 1998 WL 315583 (D.C.Cir.1998). Since Murphy's complaint did not seek redress pursuant to 5 U.S.C. § 552a(g)(1)(D), his suggestion that his emotional suffering presents a cognizable harm under § 552a(g)(1)(D) is not proper-

ly before the court. *See Lomont v. O'Neill*, 285 F.3d 9, 15 n. 8 (D.C.Cir. 2002).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.